```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-11-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                          06 CR 543 (PKC)

        -against-

                                                         MEMORANDUM AND ORDER

DAVID RUIZ,

                        Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

        Defendant entered a plea of guilty to one count of conspiracy to distribute crack cocaine and one count of distribution and possession with intent to distribute crack cocaine. On April 26, 2007, I sentenced defendant, after giving notice to the government that I may impose a non-guideline sentence. Although no count of conviction carried a mandatory minimum, the application of the Sentencing Guidelines (TOL: 29; CHC V) resulted in a range of imprisonment between 140 and 175 months. I imposed a non-Guideline sentence substantially below the Guidelines of principally 96 months imprisonment. In doing so I took "account of the youthful age of defendant at the time of the offense and at the time of the offenses which have contributed to his criminal history category, his status as a low level street seller, his difficult childhood which included physical abuse by his mother and a largely absent father who was imprisoned and a heroin addict, his early use of and addiction to drugs and alcohol, the absence of any prior substance abuse assistance, defendant's sincere desire to change, as credited by Dr. Drob and the diagnosis of defendant has having a borderline personality disorder." (Attachment A to Judgment.)

The Guideline for crack cocaine-related offenses has been reduced and that reduction has been made retroactive. Defendant now moves for a further reduction of his sentence. USSG § 1B1.10 and 18 U.S.C. § 3582(c)(2). There is no dispute that under the revised Guideline, defendant's total offense level would be 27, rather than 29, and hence the imprisonment portion of the Guideline range would be between 120 and 150 months imprisonment.

USSG 1B1.10(b)(2)(B) provides in relevant part as follows:

"If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

While the quoted language speaks of what would "generally" be appropriate, I read the foregoing as giving me the discretion to consider a further reduction.

I decline, in the exercise of discretion, to grant a further reduction. I have considered the totality of circumstances, including the rationale for the retroactive amendments, all of the considerations that led to the original below the Guidelines sentence and all of section 3553(a) factors. Of particular note, is defendant's poor disciplinary record since the time he began his sentence. He has admitted to fighting with another inmate (Oct. 15, 2007 incident), admitted to possessing a dangerous weapon (Dec. 20, 2007 incident), admitted to assault with a homemade weapon (Dec. 30, 2007), admitted to possessing a dangerous weapon (Feb. 15. 2008 incident) and admitted to

3

possessing a homemade weapon during a pat search (March 5, 2008 incident). The Application Note to USSG 1.B1.10 at 1(B)(i) requires the Court to consider public safety factors: "The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." Further, the section 3553(a) factors require me to consider the need to protect the public from further crimes of the defendant. Here, I conclude that this defendant poses a danger to the public. Defendant's explanation that the particular BOP facility is a harsh and dangerous place and that he possessed the weapons in self-defense is an inadequate and unsatisfactory explanation. On the entirety of the record, I decline to grant a further reduction, recognizing that I have the discretion to do so.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 10, 2009