UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

DAVID RUIZ,

               Defendant.

-----------------------------------------------------------------------x

06 Cr. 543 (PKC)

FINDINGS OF FACT
AND
CONCLUDIONS OF LAW

      Set forth below are the Court's Findings of Fact and Conclusions of Law on Specifications 1, 2 and 3.

      1.     This Court sentenced the defendant to 96 months' imprisonment and 48 months' supervised release for his participation in a conspiracy to distribute crack, in violation of 21 U.S.C. § 846, and his distribution and possession with intent to distribute crack, in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(C).

      2.     The defendant was released from custody and commenced his term of supervised release in April 2016.

      3.     In the period from August 2016 through December 2016, the defendant violated conditions of his release. In particular, the defendant used a controlled substance, to wit, marijuana; failed to comply with drug testing; failed to report to the United States Probation Officer; failed to participate in substance abuse treatment; and left the judicial district without permission. The defendant admitted these violations and this Court sentenced the defendant to time served (amounting to approximately 57 days' imprisonment) and 36 months' supervised release, and the defendant commenced his second term of supervised release on June 16, 2017.

      4.     On or about October 19, 2017, the United States Probation Office issued a violation report, alleging that the defendant had once again violated conditions of his supervised

release. The violation report lists five specifications. The first three specifications relate to the robbery of Stanislav Yakubov on September 9, 2017. More specifically, these specifications allege that the defendant committed the state crime of robbery in the first degree, in violation of New York State Penal Law § 160.15(4) ("Specification 1"); the state crime of robbery in the second degree, in violation of New York State Penal Law § 160.10(1) ("Specification 2"); and the state crime of robbery in the second degree, in violation of New York State Penal Law § 160.10(2a) ("Specification 3").

5. The defendant was tried on the three state charges that underlies Specifications 1 through 3 in Supreme Court of the State of New York, Queens County on October 17, 18, 21, 22, and 23, 2019. A jury found that defendant Ruiz's guilt beyond a reasonable doubt. Defendant was sentenced principally to 20 years imprisonment. The Court is advised that the defendant either has or will appeal his conviction.

6. The government and defendant Ruiz have agreed to proceed on Specifications 1 through 3 solely on the record at the Queens County trial. The Court independently and without regard to the fact of conviction reviews the evidence and finds the following facts established by the preponderance of the evidence:

    a. On September 9, 2017, at approximately 7:45 p.m., Stanislav Yakubov, a jeweler at the Jamaica Colosseum Mall, parked his car in the vicinity of his residence in Queens County, New York. (Tr. 68-70, 90-93; PX 5). It was dark, and trees blocked the street lights. (Tr. 75).

    b. As Mr. Yakubov began to open the driver's side door, he noticed an individual, later determined to be the defendant, wearing black clothes. (Tr. 70-71, 74-75, 90-93; PX 5). Mr. Yakubov could not see the defendant's face. (Tr. 75, 93). At trial, Mr. Yakubov estimated that the individual was about five feet nine inches tall and 140 pounds. (Tr. 75, 93).

c. Mr. Yakubov attempted to close the driver's side door, but the defendant grabbed the window of the door, opened the door, and ripped Mr. Yakubov out of the car. (Tr. 71, 90-93; PX 5).

d. The defendant and another attacker, who was also wearing dark clothes, repeatedly struck Mr. Yakubov in the face and head with firearms that the defendant and the other attacker possessed. (Tr. 71-72, 75-76, 90-93; PX 5).

e. Mr. Yakubov kept his head down while he was beaten, and at no point during the robbery did Mr. Yakubov see the defendant's face. (Tr. 77).

f. Mr. Yakubov briefly glimpsed the other attacker's face and, at trial, described that attacker as "dark skinned," "Darker than me," and "Black, Hispanic." (Tr. 77). Following the robbery, he told the NYPD that both attackers were black based on his observation of this attacker and his assumption that both attackers shared the same skin color. (Tr. 99-102). At the grand jury, he testified that the attackers were light skinned, by which he meant "lighter skinned than black," but also testified that he was "not really" able to see their faces. (Tr. 107, 117).

g. Mr. Yakubov was treated for his injuries at Booth Memorial Hospital, where he received 44 stitches to his head and neck. (Tr. 29, 39-40, 72, 77, 79-80, 83-85; PX 2, PX 3, PX 6).

h. The defendant and the other attacker took approximately $2,500 in cash from Mr. Yakubov's pockets as well as Mr. Yakubov's car keys, and then fled. (Tr. 72-74).

i. At approximately 8:06 p.m. on the date of the robbery, the defendant's cellphone received an incoming call. At the time, the phone communicated with a cell tower located in the vicinity of 68-25 Fresh Meadows Lane, which is blocks away from the scene of the robbery. (*See* Tr. 35-36, 133-42, 146-55; PX 7, PX 8).

j. Shortly after the robbery, a member of the New York City Police Department ("NYPD") Evidence Collection Team responded to the scene, dusted Mr. Yakubov's driver's side door window for fingerprints, and recovered a palm print from the portion of the window the defendant touched when he opened the door to rip Mr. Yakubov out of the car. (Tr. 177-86; PX 10, PX 11).

k. On September 10, 2017, Mr. Yakubov gave the NYPD a hard drive containing surveillance video depicting the robbery. (Tr. 80-81, 90-93; PX 5).

l. On October 4, 2017, Mr. Yakubov identified the defendant in a photo array as someone he recognized from his jewelry store. (Tr. 82). He was unable to say whether the defendant was one of his attackers because he did not get a good look at them. (*Id.*).

m. On October 17, 2017, the defendant was arrested by the NYPD. (Tr. 33). The defendant provided his height as five feet nine inches and his weight as 170 pounds. (Tr. 35). The defendant gave the NYPD his cellphone number. (Tr. 35-36). The NYPD took the defendant's fingerprints. (Tr. 36).

n. The palm print recovered by the NYPD from Mr. Yakubov's car matched a copy of the defendant's palm print in a database of fingerprint records as well as the copy of the defendant's palm print obtained by the NYPD on October 17, 2017. (Tr. 204-13). In the expert opinion of an NYPD latent print examiner, the defendant's palm print had been left recently on Mr. Yakubov's car before it was recovered by the NYPD. (Tr. 216).

o. Defendant Ruiz in argument and questioning of witnesses disputed that the palm print had been left by him at the time of the crime.

7. On October 23, 2019, the jury found the defendant guilty beyond a reasonable doubt of the three crimes that form the basis of Specifications 1 through 3.

8.      Under New York law, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." N.Y. Penal Law § 20.  Accordingly, when two individuals act in concert with each other to commit a crime, each can be held criminally liable for the acts of the other.

Specification 1

9.      Under New York law, "[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [d]isplays what appears to be a . . . firearm." N.Y. Penal Law § 160.15(4); *Aparicio v. Artuz*, 269 F.3d 78, 97 (2d Cir. 2001) ("The elements of robbery in the first degree are: (1) forcible stealing of property; and (2) 'in the course of the commission of the crime or immediate flight therefrom, he . . . [d]isplays what appears to be a [firearm].'") (quoting N.Y. Penal Law § 160.15(4))).

10.     Here, there appears to be no dispute that a robbery in the first degree was committed; the only issue is whether the defendant committed that robbery.  Based on the facts set forth above, in particular the facts that the defendant's palm print was found in the precise area of Mr. Yakubov's car touched by one of the attackers, the defendant's phone was in the vicinity of the robbery at the time of the robbery, and the defendant's apparent awareness of Mr. Yakubov's employment as a jeweller, the Court may properly conclude by a preponderance of the evidence that on or about September 9, 2017, in Queens County, the defendant (1) personally or by acting in concert with another person forcibly stole property from Stanislav Yakubov, and (2) in the course of the commission of the crime or immediate flight therefrom,

5

the defendant or another participant in that crime displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

11. Accordingly, the Court concludes by a preponderance of the evidence that on or about September 9, 2017, the defendant violated the conditions of his supervise release by committing the state crime of robbery in the first degree, in violation of New York State Penal Law § 160.15(4).

Specification 2

12. Under New York law, "[a] person is guilty of robbery in the second degree when he forcibly steals property and when . . . [h]e is aided by another person actually present." N.Y. Penal Law § 160.10(1).

13. As with Specification Number 1, there appears to be no dispute that this form of robbery in the second degree was committed. Based on the facts set forth above, the Court may properly conclude by a preponderance of the evidence that on or about September 9, 2017, in Queens County, the defendant (1) personally or by acting in concert with another person forcibly stole property from Stanislav Yakubov, and (2) the defendant was aided doing so by another person actually present.

14. Accordingly, the Court concludes by a preponderance of the evidence that on or about September 9, 2017, the defendant violated the conditions of his supervise release by committing the state crime of robbery in the second degree, in violation of New York State Penal Law § 160.10(1).

Specification 3

15. Under New York law, a person is also guilty of robbery in the second degree when he forcibly steals property and when . . . [i]n the course of the commission of the crime or

of immediate flight therefrom, he or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime." N.Y. Penal Law § 160.10(2)(a)).

16. As with Specification Number 2, there appears to be no dispute that this form of robbery in the second degree was committed. Based on the facts set forth above, the Court may properly conclude by a preponderance of the evidence that on or about September 9, 2017, in Queens County, the defendant (1) personally or by acting in concert with another person forcibly stole property from Stanislav Yakubov, and (2) in the course of the commission of the crime or immediate flight therefrom, the defendant or another participant in that crime cause physical injury to Stanislav Yakubov who was not a participant in the crime.

17. Accordingly, the Court concludes by a preponderance of the evidence that on or about September 9, 2017, the defendant violated the conditions of his supervise release by committing the state crime of robbery in the second degree, in violation of New York State Penal Law § 160.10(2)(a)).

18. This Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release in the manner alleged in Specifications 1, 2 and 3.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 23, 2020